UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELTON C. PULLIAM JR.**                                                              **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 3:14CV-P411-JGH**

**DEP'T OF VETERAN AFFAIRS AND VETERANS HOSP.** *et al.*      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Elton C. Pulliam Jr. filed a *pro se* complaint (DN 1) pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*. He later filed an amended complaint (DN 10). This matter is before the Court on initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff Pulliam is currently a pretrial detainee at the Correctional Custody Center (CCC). The Court will separately summarize the claims in the complaint and amended complaint.

*Complaint*

Plaintiff filed his complaint on a § 1983/*Bivens* complaint form. Plaintiff sues the "Department of Veteran Affairs and Veterans Hospital" and the following individuals in their individual and official capacities: Tammy Billbro, Shively Nursing Supervisor at "V.A. Hospital (shivley clinic)"; Clarrisa Ashdown, "V.A. Eligibility Rep" at the VA Hospital; Sonny Hatfield, a social worker at the VA Hospital; and Steve Cruse, a nurse at the CCC.

In the Statement-Of-Claim(s) portion of the complaint form, Plaintiff alleges in toto as follows:

> Recently as soon as 19 May 2014 May Hospital records have been changed by people @ the V.A. Records department, V.A. Shivley clinic by people who are loyal to Mr. Sonny Hatfield in some cases records have disappeared altogether as in the case of records From my Gulf War exam which I was misdiagnosed with gout but to find out it was flat feet and Advanced arthritis which require surgery on both my greater big toes. Right now i am incarcerated with medical, court and attorney Releases the Social Security Administration has granted me disability on the same medical problems that I am claiming as service connection i find it strange that i have not been allowed to return to my apartment by order of the Judge were i had a Full copy of all my medical document that are disappearing or being changed in my V.A. File. It like a conspiracy to send me to prison and others can profit while im rotten away in some hell hole.

To the complaint, Plaintiff attaches various documents, most of which are Department of Veterans Affairs forms, wherein Plaintiff seeks "100% compensation from right knee surgery on right knee preformed @ V.A. Hospital Louisville Ky in Oct of 2010." On a VA form dated June 2, 2014, Plaintiff indicates that his claim for benefits "was reopened because of new and material evidence" and further indicates that "[t]his remand was sent here From the BVA to get clarity on my right knee and a new claim on both of my feet which has been confirmed and continued."

On another VA form dated November 13, 2013, Plaintiff alleges that on September 30, 2013, Defendants Billbro, Ashdown, and Hatfield conspired to deprive him of "service connected medication (Hydrocodone) and treatment (counsuled appointments and/or denied veteran right to make new appointments." He further states that while incarcerated at the CCC, he "had medical releases to go to and from appointments. Nurse Supervisor waited until Dr Krischunis departed the shivley clinic than maliciously denied me access to the shivley clinic."

2

He reports that another veteran in his dorm "hasn't had a problem being incarcerated w/ medical releases."

Finally, in an April 1, 2014, handwritten letter addressed "To whom it may concern," Plaintiff quotes from a book, the Bible, and a newspaper, and he alleges as follows:

> This all in a nutshell, comes down to money. Other people wanting what is rightfully mine. Money from a car accident in 2010, service connected disability that i have been Fighting to get since March 1992 which could be quiet a bit of change. The players are a collection of Who's Who's whom i will leave for others to figure out. Suddenly medication that was sevice connected is not service connected medical document that i would stake my life on were in my medical file @ the V.A. Hospital Lou. Ky just a couple of weeks ago mysteriously disappear after a CTP exam. All this after i filed a claim against certain individuals For conspiring to deprive me of medical treatment.

As relief, Plaintiff seeks monetary damages in the amount of "rate of pay 100% From 5 may 1980" and punitive damages in the amount "court seeks fit for pain & suffering."

*Amended Complaint*

Plaintiff filed the amended complaint on a general complaint form. As grounds for filing this case in federal court, Plaintiff states as follows: "conspiracy to committ murder, attempted murder, wanton endangerment racketeering, falsifying documents, conspiracy to deny on/or divert federal funds, trafficking in controlled substance, mail fraud." As Defendants, he sues the same Defendants named in his complaint and additionally sues CCC Nurse April Johnson and CorrectCare Administrator Sharolyn Richardson. Plaintiff does not indicate in which capacity he sues the two new Defendants.

As his statement of claim, Plaintiff alleges that since May 2014 there has been a conspiracy to commit murder by Defendants and that "personnell @ the V.A Hospital have conspired with medical staff @ CCC Metro Corrections and norton's Hospital to Falsify

3

documents have me transferred from CCC to Metro Corrections because i sath treatment from Nurse Cruse and unknow personnel a CCC were i am presently a inmate." He further contends that his action is about being "poisoned, denied medical treatment, denied use of prosthetics, denied medical supervision while detoxin, Being sent to detox when you have a brand new prescription of what your detoxin from, Being punished for seeking medical attention because you are being poisoned by the people that are supposed to be protecting you."

As relief, Plaintiff wants the court to grant the following motions: "motion to reinstate fast and speedy trial Date # 3:14-CV-440-TBR"; "motion for exstension of Time # 3:14-CV-397-JHM-DW"; and a motion for extension of time in the instant case.

## II. ANALYSIS

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Complaint

#### *1. 42 U.S.C. § 1983*

Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because the VA Defendants are federal, not state, actors, § 1983 does not apply to them. Defendant Cruse is the only state actor as he is a nurse at CCC, where Plaintiff is incarcerated.

As to Plaintiff's individual-capacity claim against Defendant Cruse, some factual basis for claims against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*,

808 F.2d 459, 465 (6th Cir. 1986). Plaintiff must allege specific facts that explain how the Defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendant Cruse. As such, the claims against him must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Plaintiff's official-capacity claim against Defendant Cruse is actually against his employer, the Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

As nothing in the complaint indicates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government, the

complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 official-capacity claim against Defendant Cruse.

*2. Bivens*

The claims against federal Defendants "Department of Veteran Affairs and Veterans Hospital," Billbro, Ashdown, and Hatfield are brought under the *Bivens* doctrine.

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens*-type suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

"[A] *Bivens* claim may not be brought against a federal agency." *Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 435 (6th Cir. 2006) (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)). Additionally, "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). The Court, therefore, will dismiss the *Bivens* claims against Defendant "Department of Veteran Affairs and Veterans Hospital" and Defendants Billbro, Ashdown, and Hatfield in their official capacity.

The individual-capacity claims against Defendants Billbro, Ashdown, and Hatfield also fail. The allegations in the complaint mention only Defendant Hatfield. Specifically, Plaintiff claims that "as soon as 19 May 2014 May Hospital records have been changed by people @ the

V.A. Records department, V.A. Shivley clinic by people who are loyal to Mr. Sonny Hatfield in some cases records have disappeared altogether . . . ." Plaintiff does not allege a constitutional violation, and the Court finds that these allegations fail to rise to the level of any constitutional violation.

Additionally, as already discussed, some factual basis for claims against a defendant must be set forth in the pleadings, *Chapman v. City of Detroit*, 808 F.2d at 465, and a plaintiff must allege specific facts that explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d at 369. Because Plaintiff alleges no facts related to Defendants Billbro and Ashdown in the complaint, the claims against those Defendants must be dismissed for a failure to state a claim.

As to Plaintiff's allegations in a VA form attached to his complaint, the Court is not required to wade through attachments to create a claim. Nonetheless, even if the Court were to consider Plaintiff's allegations contained in a VA form that Defendants Billbro, Ashdown, and Hatfield conspired to deprive him of service-connected medication and treatment, his allegations are vague and non-specific and insufficient to support a constitutional claim against Defendants in their individual capacity.

### 3. *Conspiracy*

"A civil conspiracy claim under § 1983 or *Bivens* lies where there is 'an agreement between two or more persons to injure another by unlawful action.'" *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). In order to state a claim of civil conspiracy under § 1983, a plaintiff must show that there was a single plan, that the coconspirators shared in the objective of the conspiracy, violating the

8

plaintiff's constitutional rights, and that an overt act was committed in furtherance of the conspiracy. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 566 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy"); *Robertson v. Lucas*, 753 F.3d at 622 (indicating that "'[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983' or *Bivens*") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

The Court finds that Plaintiff's conspiracy claims do not survive initial review as he makes only general allegations of conspiracies without detailing how each person was involved.

### 4. *Claims Related to VA Benefits*

It appears that most of Plaintiff's claims center around being denied VA benefits. "Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues." *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997). Particularly, in 1988, Congress enacted the Veterans Judicial Review Act of 1988 ("VJRA") (codified in various sections of 38 U.S.C.), "and established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon*, 125 F.3d at 967.

> The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs. The regional office of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Upon receiving a decision from the regional office, the claimant may appeal to the [Board of Veterans Appeals] BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA") [now called the Court of Appeals for

> Veterans Claims], an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA. 38 U.S.C. § 7252(a).[1]  The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292.  If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

*Beamon*, 125 F.3d at 967; *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, __, 131 S. Ct. 1197, 1201 (2011) ("Review of Veterans Court decisions on certain issues of law is available in the United States Court of Appeals for the Federal Circuit. § 7292.  Federal Circuit decisions may in turn be reviewed by [the U.S. Supreme] Court by writ of certiorari."). Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's VA benefits claims.

### 5. *FTCA*

To the extent Plaintiff may be attempting to assert negligence/medical malpractice claims against the United States under the Federal Tort Claims Act (FTCA), those claims are barred because he has failed to show exhaustion of administrative remedies associated with that Act prior to bringing an action in federal court. Pursuant to 28 U.S.C. § 2675(a),

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.

28 U.S.C. § 2675(a) (emphasis added). The dismissal of any FTCA claim Plaintiff may be trying to assert shall be without prejudice.

---

[1] The 1998 Amendments to Title 38, Pub. L. 105-368, Title V, § 512(a)(1), substituted "Court of Appeals for Veterans Claims" for "Court of Veterans Appeals."

### B. Amended Complaint

In the amended complaint, Plaintiff does not set forth this Court's jurisdiction over his claims or specify a federal law or constitutional provision he claims has been violated. Additionally, Plaintiff specifically mentions only one Defendant –Steve Cruse. By Memorandum Opinion and Order entered November 14, 2014, however, the Court granted Defendants Cruse and Richardson's motion to dismiss the amended complaint against them, and there are no actual factual allegations asserted against any other remaining Defendants named in the amended complaint to put them on notice as to the claims against them. The amended complaint makes rather general allegations of a conspiracy to commit murder and other serious crimes by Defendants, but does not detail them in any respect. Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."). Finally, Plaintiff's requests for relief in the amended complaint – to grant a motion to reinstate a fast and speedy trial date in another action and to grant motions for extensions of time in this and another case – are not forms of relief which may be awarded in this action, nor does the Court know to which motions Plaintiff is referring.

For these reasons, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

## III. **CONCLUSION**

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendants
4412.005